UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | No. 1:23-MJ-00607-DH |
| § | |
| (1) JAYDEN ELYJAY ELLIS, § | |
| *Defendant* § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, namely, distribution of hundreds, if not thousands, of fentanyl pills;

- the weight of the evidence against the person, including evidence of multiple controlled purchases of pills that field-tested positive for containing fentanyl, evidence of Ellis's participation in multiple other fentanyl sales, and Ellis's admission to law enforcement that pills seized from his residence belonged to him;

1

- the history and characteristics of the person, including Ellis's lack of legitimate employment, his criminal history (including multiple charges of evading arrest), along with the fact that at the time of the current offense or arrest, Ellis was was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, in particular, the dangerousness of the drug Ellis was distributing and the presence of multiple firearms in his residence at the time it was searched; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED September 13, 2023.

                                          DUSTIN M. HOWELL
                                        UNITED STATES MAGISTRATE JUDGE